<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEE BRADFORD, | : | |
| | : | Civil Action No. 16-4510 (JMV) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SCOTT WEAVER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

APPEARANCES:

Lee Bradford
1503 Bangs Ave., 2nd Floor
Asbury Park, NJ 07712
    Plaintiff, *pro se*

**VAZQUEZ, District Judge**

    Plaintiff Lee Bradford filed this civil rights action on July 22, 2016.  (ECF No. 1.)  On August 18, 2016, Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (ECF No. 5.)  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

        I.      <u>DISCUSSION</u>

    A.    <u>*Sua Sponte* Dismissal</u>

 Courts must liberally construe pleadings that are filed *pro se*.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (internal quotation marks omitted).  "Court personnel

reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, *Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York*, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints filed by persons proceeding *in forma pauperis* in civil actions, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

B.     The Complaint

Plaintiff alleges the following, which the Court accepts as true for purposes of screening the Complaint.  On April 7, 2015, Plaintiff was arrested without probable cause in Morristown, New Jersey.  (ECF No. 1 at 5-6.)  Five police officers, sued in their individual and official capacities,[1] took part in the arrest:  Scott Weaver, R. Shearer, Sergeant M. Molnar, R. Edwards, and J. Green.  (*Id.* at 3-4.)  The Morristown Police Department is also named as a defendant.  (*Id.* at 4.)

Plaintiff was taken to the Morristown Police Headquarters and put in a holding cell, where the defendant police officers performed repeated strip searches on him, and threatened to conduct a rectal search.  (*Id.* at 6.)  They insisted Plaintiff had drugs in his rectum, which he denied.  (*Id.*)  Plaintiff was made to strip, bend over and cough, and then defendants put their fingers in his rectum.  (*Id.*)  They hit Plaintiff and slammed him against a wall.  (*Id.* at 7-8.)  Plaintiff asserts constitutional and state law claims, and seeks declaratory and injunctive relief, damages and costs and fees.  (*Id.* at 10.)

C.     Analysis

1.     Morristown Police Department

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[1] "[T]hat local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name." *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 n. 55 (1978).

Police departments cannot be sued in § 1983 actions because "the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F.Supp.2d 255, 264 (E.D. Pa. 2001). The Court will dismiss the Morristown Police Department from this action because it is not a proper defendant.

Although Plaintiff did not list the municipality of Morristown as one of the defendants, he alleges that "Morristown N.J." created a policy permitting the defendant police officers to conduct unreasonable searches and to use excessive force. If Plaintiff wishes to bring a claim of municipal liability against Morristown, he may do so in an Amended Complaint. Plaintiff, however, should be aware that he must allege additional facts to support a claim.

"When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy . . . officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. at 690). A plaintiff must allege a direct causal link between the municipality's policy or custom and the alleged constitutional violation. *Brown v. Muhlenberg Tp.*, 269 F.3d 205, 215 (3d Cir. 2001). "The Supreme Court has recognized that where a violation of federal rights is a 'highly predictable consequence' of an inadequate custom in a situation likely to recur, municipal liability may attach based upon a single application of the custom." *Castantino v. City of Atlantic City*, 152 F.Supp.3d 311, 320 (D.N.J. Apr. 10, 2015) (quoting *Monaco v. City of Camden*, C.A. No. 04–2406(JBS), 2008 WL 8738213, at *7 (D.N.J. April 14, 2008) (citing *Board of County Com'rs of Bryan County Okl. v. Brown*, 520 U.S. 397, 409–10 (1997)). Here, Plaintiff must plead facts plausibly indicating that Morristown had a

custom that rendered it highly predictable that Plaintiff would be subjected to an unlawful strip search, improper manual body cavity search, and/or excessive force in the police station.

###    2.    False Arrest and Imprisonment

Plaintiff alleges he was arrested without probable cause and falsely imprisoned in a holding cell. "The proper inquiry in a section 1983 claim based on false arrest ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman v. Township of Manalapan*, 47 F.3d 628, 634-35 (3d Cir. 1995) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "Where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Id.* at 636 (quoting *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988)).

Plaintiff's conclusory claim that the defendants lacked probable cause to arrest him is insufficient. Plaintiff must allege facts about the arrest, explaining how he came to the conclusion that he was arrested without probable cause. Therefore, the Court will dismiss Plaintiff's false arrest and false imprisonment claims without prejudice.

###    3.    Malicious Prosecution

Plaintiff asserts a claim of malicious prosecution. A Fourth Amendment malicious prosecution claim "differs from false arrest inasmuch as '[a] claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.'" *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (quoting *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)). To state a claim for malicious prosecution under § 1983, a plaintiff must allege facts showing that:

(1) the defendants initiated a criminal proceeding;

5

> (2) the criminal proceeding ended in plaintiff's favor;
>
> (3) the proceeding was initiated without probable cause;
>
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
>
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). Favorable termination of the criminal proceeding can be shown where the proceeding terminated (1) by discharge at a preliminary hearing; (2) when the grand jury refused to indict; (3) when the indictment or information was quashed; (4) by acquittal; or (5) by a final order in favor of the accused by a trial or appellate court. *Id.* (citing *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (additional citations omitted)).

As discussed above, Plaintiff has not alleged how he concluded that he was arrested without probable cause. Furthermore, he has not alleged that a criminal proceeding was actually initiated or that there was a favorable termination of the criminal proceeding. Therefore, the Court will dismiss Plaintiff's malicious prosecution claim without prejudice.

    4.    <u>Supervisory Liability Claim</u>

Although Plaintiff has not named any supervisors in the "Parties" section of the Complaint, in his "Statement of Claims," he alleges that the defendants' supervisors "knowingly participate[d] and/or acquiesce[d] in the deprivations suffered by Plaintiff." (ECF No. 1 at 9.) Plaintiff also alleges the supervisors negligently hired the defendants and allowed them to commit an unjustified manual body search and malicious prosecution.

A supervisor may be liable under § 1983, "if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and

6

acquiesced in his subordinates' violations." *Santiago v. Warminster Tp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Here, Plaintiff has not alleged any facts indicating how the defendants' supervisors knew of their misconduct or how they communicated their acquiescence. *See Evancho v. Fisher*, 423 F.3d 347, 353-54 (3d Cir. 2005) (holding dismissal of supervisory claim was proper where the plaintiff had not alleged any facts in support of the claim that the supervisor knew of and acquiesced in the defendant's misconduct).

Plaintiff may alternatively state a claim of supervisory liability under 42 U.S.C. § 1983 by:

> [identifying] a supervisory policy or practice that the supervisor failed to employ, and then [pleading facts showing] that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure.

*Barkes v. First Corr. Medical, Inc.*, 766 F.3d 307, 317 (3d Cir. 2014) (citation omitted), reversed on other grounds *sub nom.*, *Taylor v. Barkes*, 135 S.Ct. 2042 (2015). If Plaintiff amends the complaint to bring a supervisory liability claim, and he cannot identify the name(s) of the supervisor(s), he may bring the claim against "Supervisor John/Jane Doe."

Plaintiff further alleges that the supervisors negligently hired the defendant police officers. (ECF No. 1 at 9.) The Court construes this as a § 1983 claim. To bring a § 1983 claim for negligent hiring a plaintiff must allege facts about the police officer's background to "permit a jury to find that the obvious consequence of hiring him would be a violation of the specific rights allegedly violated . . ." *Adam v. City of Camden*, 461 F.Supp.2d 263, 268 (D.N.J. Nov. 8, 2006) (citing *Board of County Com'rs of Bryan County, Okl.*, 520 U.S. at 411-12). Plaintiff has not stated a

negligent hiring claim upon which relief may be granted. Therefore, this claim will be dismissed without prejudice.

        5.       <u>Equal Protection Claim</u>

The Complaint contains an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall deny to any person within its jurisdiction the equal protection of the laws." To state an equal protection claim, a plaintiff must allege facts showing that (1) he was a member of a protected class; (2) he was similarly situated to members of an unprotected class; and (3) he was treated differently than the members of the unprotected class. *Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2005). Plaintiff has not alleged any of these elements. Therefore, the Court will dismiss the equal protection claim without prejudice.

    D.       <u>Conspiracy under 42 U.S.C. § 1985(3)</u>

Plaintiff alleges that the defendants conspired to "cover each other." Conspiracy to deprive a person of their civil rights falls under 42 U.S.C. § 1985(3), which provides, in pertinent part:

> If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To state a claim under § 1985(3), "a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive . . . any person [from] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person

8

or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1998) (quoting *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828–29 (1983)).

Plaintiff has not alleged the defendants were motivated by a racial or class-based animus, nor has he explained how the alleged agreement to "cover each other" deprived him of a constitutional right. Thus, Plaintiff has failed to state a claim under 42 U.S.C. § 1985(3). The Court will dismiss this claim without prejudice.

   E. State Law Claims

Plaintiff asserts claims of negligence, assault and battery, and intentional infliction of emotional distress. Tort claims against public employees in the State of New Jersey are governed by the New Jersey Tort Claims Act ("NJTCA"). N.J.S.A. 59:1-1 *et seq.* To bring a claim against a public employee under the NJTCA, a plaintiff must file a notice of claim with the public entity not later than 90 days after accrual of the underlying cause of action. N.J.S.A. 59:8–8(a). Failure to file the required notice will result in dismissal of the claims. N.J.S.A. 59:8–3. Plaintiff has not alleged that he filed the required notice under the NJTCA. Therefore, Plaintiff's state tort claims will be dismissed without prejudice. *See Ingram v. Township of Deptford*, 858 F.Supp.2d 386, 400 (D.N.J. 2012) (dismissing NJTCA claims for failure to plead that notice requirement was met).

   F. Claims Permitted to Proceed

Plaintiff alleges the defendants used excessive force and committed unlawful searches of his body. *See generally Couden v. Duffy*, 446 F.3d 483 (3d Cir. 2006) (excessive force and unlawful search and seizure claims arise under the Fourth Amendment). These § 1983 claims may proceed. Plaintiff further alleges all of the defendants were present for the unlawful searches and during the use of excessive force, and they failed to intervene to prevent his injury. The failure to

intervene claims may also proceed past screening. *See Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002) ("[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983") (quoting *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986) (additional citations omitted)).

## II.     CONCLUSION

For the reasons discussed above, the Court will dismiss the Morristown Police Department from this action with prejudice. The Court will dismiss without prejudice: (1) Plaintiff's § 1983 claims for false arrest, false imprisonment, malicious prosecution, equal protection and supervisory liability; (2) Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3); and (3) Plaintiff's negligence, assault and battery, and intentional infliction of emotional distress claims under the NJTCA. Plaintiff will be permitted to file an Amended Complaint to bring these claims if he can allege additional facts to cure the deficiencies described in this Opinion. The Court will permit Plaintiff's § 1983 claims for unreasonable search and seizure, excessive force, and failure to intervene to proceed past screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate order follows.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

Date: <u>November 28, 2016</u>